### GLEN FALLS INDEMNITY CO v BRADFUTE

Ohio Appeals, 2nd Dist, Greene Co

Decided Nov 23, 1932

Knepper, White, Smith & Dempsey, Columbus, for plaintiff in error.

George H. Smith, Xenia, for defendant in error.

ALLREAD, PJ.

The real estate act did not expressly include the earnest or binder money, but we think it is included by force of the general terms therein employed. §6373-25, GC, defining real estate brokers, provides: " 'Real estate broker' means a person, firm or corporation who, for a commission, compensation or valuable consideration, sells, or offers for sale, buys, or offers to buy, negotiates the purchase or sale or exchange of real estate, or leases, or offers to lease, rents, or offers for rent, any real estate, interest therein or improvement thereon, for others."

Sec 6373-42, GC, which provides when licenses may be revoked, contains the following: "5. Failure within a reasonable time to account for or to remit any moneys coming into his possession which belong to others * * *."

We cannot escape the view that notwithstanding the fact that the real estate broker's act did not expressly include the payment of money, it does so by clear and direct inference. The Common Pleas Court in construing this act makes the following reference: "While the section defining a real estate broker does not in terms mention the handling of money, but describes the broker as one negotiating any interest in real estate, whether sale, or sale of lease interest, or negotiating for the lease of real estate, or a loan on real estate, it was not necessary to describe there the different steps they might take in accomplishing any one of these things in the dealings with real estate. It is a well known fact that the practice is very common—not always, it is true—but the practice is very common that the binder, as technically referred to usually, which is the cash deposit made to secure the carrying out of the purchase of the property, is made to the real estate broker, and would not be made to him except by reason of his relation to the negotiations for the transfer of whatever interest is to be transferred in the property, and the handling of that money clearly comes within the provisions of that act."

The insurance bond in this case was given under §6373-35, GC, which provides among other things: "Such bond shall be conditioned upon the faithful observance of all the provisions of this act and shall also indemnify any person who may be damaged by a failure on the part of the applicant for a real estate broker's license to conduct his business in accordance with the requirements of this act. Any person claiming to have been damaged by any misrepresentation or fraud on the part of a real estate broker or by reason of the violation of the terms of this act, may maintain an action at law against the broker making such representations or perpetrating such fraud or violating the provisions of this act, and may join as parties defendant the sureties on the bonds herein provided for."

We are clear that the binder money paid by the parties to the real estate broker is so directly connected with the real estate transactions as to be included within a reasonable interpretation of the act. The Court of Common Pleas properly interpeted the act and rendered judgment for the amount of the binder money.

A second claim is made, to-wit, that Mrs. Bradfute released the contract, and it is claimed that she cannot recover in this action. It is true that Mrs. Bradfute refused to comply with the contract unless the binder money which was a part of the original contract was paid to her. This Best, the other party to the contract, refused to do. We think that Mrs. Bradfute was justified in refusing to comply with the contract without a payment of the binder money to her by the other party, to-wit, Mr. Best. She did not release her claim for the binder money which would become hers upon a compliance with the contract. We think there is nothing in this action of Mrs. Bradfute that would deny her the right of recovery in this action. We are therefore of opinion that the judgment below should be affirmed.

HORNBECK and KUNKLE, JJ, concur.